The Honorable Neely Cassady State Senator State Capitol Little Rock, AR 72201
Dear Senator Cassady:
This is in response to your request for an opinion on the number of votes required to enact Senate Bill 60 (as engrossed 10-27-90 and 10-30-89 and as amended on November 1, 1989). That bill imposes a temporary two percent "surtax" on the income tax liability of residents, individuals, trusts, estates and corporations. The revenue raised from the surtax is to placed in the "Drug War Trust Fund" to "provide additional support . . . for Arkansas' extraordinary effort in combating drug abuse." Senate Bill 60 3, as amended.
It is my opinion, although it is a close question of law, that the passage of this bill only requires a simple majority vote in each house.
The first relevant constitutional provision is Arkansas Constitution Art. 5, 38, as added by Amendment 19. It provides:
 None of the rates for property, excise, privilege or personal taxes, now levied shall be increased by the General Assembly except after the approval of the qualified electors voting thereon at an election, or in case of emergency, by the votes of three-fourths of the members elected to each House of the General Assembly.
This provision has been interpreted to apply only to taxes levied at the time of the adoption of Amendment 19 (note the language "now levied" above). Caldarera v. McCarroll, Commissioner of Revenue, 198 Ark. 584, 129 S.W.2d 615 (1939), (Smith J., concurring). Amendment 19 was adopted on November 6, 1934. The law under which our state income tax is levied was enacted in 1929. (See Act 118 of 1929 codified at A.C.A. 26-51-101 et seq.), and state income tax has been held to be an "excise" tax, (Sims v. Ahrens, 167 Ark. 557, 271 S.W. 720 (1925), (on rehearing)). Accordingly, Art. 5, 38 is applicable, and would require a three-fourths vote (in an emergency) to raise the "rate" of the income tax.
It is my opinion, however, that the surtax imposed by Senate Bill 60 does not represent an increase in the "rate" of income taxation for purposes of Article 5, 38. This conclusion is based upon the Arkansas Supreme Court's decision in Morley, Commissioner of Revenues v. Remmel, 215 Ark. 434, 221 S.W.2d 51 (1949). Morley involved a situation in which the Arkansas legislature passed a law (Act 234 of 1949) eliminating income taxes paid to the United States government as an allowable deduction in computing state income tax. The law was passed without a three-fourths vote of each house. The issue in the case was "whether or not Act 234 of the Acts of the 1949 session of the General Assembly increased the rate of income taxes. . . ." 215 Ark. at 436. The court noted the following in this regard:
 It cannot be questioned, and is not questioned, that the effect of Act 234 will be to increase the amount of the taxes to be paid by all persons who pay federal income taxes, but that is not the question here presented, which is, whether Act 234 has increased the rate of taxes of the taxpayer.
215 Ark. at 440 The court went on to note:
 It is urged that the term `rate for taxes' is sufficient to include and does in fact include, amount of taxes, and it is argued that `2 of Amendment No. 19 [Ark. 5, 38] was intended to prohibit the enactment by the legislature of any statute which would result in increasing the burden on the people of the State of Arkansas of the taxes being levied in 1934 when the Amendment was adopted', except by a vote of three-fourths of the membership.
215 Ark. at 440.
The court rejected this argument, and held that "[r]ate of taxation in common parlance means the percent of valuation taken as the tax. Valuation is the ascertained sum to which the rate is applied and amount of taxes means the amount ascertained when valuation has been multiplied by rate." 215 Ark. at 441.
Applying the definition of "rate of tax" set out above, it appears that Senate Bill 60 does not increase the existing "rate" of income tax. If the bill is passed, the rates applied to different levels of income will remain the same. There will, however, be a separate "rate", (2%) , applied to a different valuation, (the income tax liability). It thus may be reasonably contended that the surtax imposed by Senate Bill 60 does not increase the "rate" of an existing tax, as that term has been defined in Morley. The bill would, as a result not be subject to the three-fourths vote requirement under Article 5, 38. We are not unmindful of the fact that the Morley case did not involve a surtax.[1] It involved the elimination of a deduction which had the effect of raising the income tax liability of individuals and corporations. Although this fact does not render the Morley case perfectly apposite, it is my opinion that the current state of the law includes the definition of "rate of tax" as therein defined. The Morley case also represents established precedent for the proposition that "rate of tax" is not to be construed synonymously with "amount of tax". The term "rate of tax", as used in Art. 5, 38, means the percentum factor which is multiplied by the valuation. This factor simply is not sought to be increased by Senate Bill 60. Given this state of the law, it is my opinion that Arkansas Constitution Art. 5, 38, as added by Amendment 19, does not require a three-fourths vote of each house in order to adopt Senate Bill 60. To conclude otherwise would require a departure from existing precedent. Although a court, forty years after the Morley decision, if faced with a surtax rather than a elimination of a deduction, might distinguish or abandon the Morley decision, we have insufficient basis to do so. Both Senate Bill 60 and Act 234 of 1949 involve an increase in the "amount of tax", but do not involve an increase in the "rate of tax". This being the case, Art. 5, 38 does not require a three-fourths vote.
As a final matter, it should be noted that Arkansas Constitution, Art. 5, 31 (as added by Amendment 19) is also applicable to the passage of the surtax. It provides that:
 No State tax shall be allowed, or appropriation of money made, except to raise means for the payment of the just debts of the State, for defraying the necessary expenses of government, to sustain common schools, to repel invasion and suppress insurrection, except by a majority of two-thirds of both houses of the General Assembly.
This constitutional provision requires a two-thirds vote of each house before new taxes will be "allowed", unless the taxes are to "raise means for defraying the necessary expenses of government". If the tax is imposed to defray a necessary expense of government, a simple majority is required. Central States Life Ins. Co. v. State, 190 Ark. 605 80 S.W.2d 628 (1935). It has also been held that ". . . the legislature has the right to determine what is a necessary expense." Humphrey, State Auditor v. Garrett, 218 Ark. 418,420, 236 S.W.2d 569 (1951), citing State v. Sloan, 66 Ark. 575. 53 S.W. 47 (1899), and State v. Moore, 76 Ark. 197,88 S.W. 881 (1905). The court in Humphrey also held, however, that:
 . . . this determination can not be arbitrary to such an extent that things or purposes clearly `outside of the line of necessary expenses of government' may receive monetary benefactions. . . . The result of our decisions affecting the constitutional provision in question is that the legislative discretion will not be disturbed. It is only in those cases where the discrepancy between an expressed objective and actuality is to great that no reasonable person would believe that the purported purpose was a necessary expense of government that the courts will intervene.
218 Ark. at 420.
Senate Bill 60 raises tax monies to be placed in the "Drug War Trust Fund." The funds will be used to combat drug abuse. We cannot conclude that no reasonable person would believe this was a necessary expense of government. This being the case, the applicable constitutional provision is Art. 5, 37, which requires a simply majority vote for the passage of a law. It is thus the opinion of this office that Senate Bill 60, as amended, requires only a simple majority vote in each house of passage.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] Nor are we unmindful of the fact that applying the Morley definition and analysis in a context involving the levy of a surtax rather than the elimination of a deduction could give rise to a potential for abuse. The legislature, if it sought to subvert the three-fourths requirement could, instead of raising the rate of a tax to which the requirement is applicable, simply impose a surtax on the tax liability. We cannot conclude, however, that the legislature in this instance has merely employed the surtax as a "ruse" to subvert the requirements of Arkansas Constitution Art. 5, 38. It is also my opinion that such a consideration is properly to be weighed and considered by a court of competent jurisdiction, rather than by this office.